**COOPERATIVA DE SEGUROS MULTIPLES DE PUERTO RICO, Plaintiff,**

v.

**Manuel SAN JUAN, Jr., et al., Defendants.**

**Civ. No. 234–68.**

United States District Court
D. Puerto Rico.

Aug. 8, 1968.

Harvey B. Nachman, San Juan, P. R., for plaintiff.

Antonio M. Bird, San Juan, P. R., for defendants.

CANCIO, Chief Judge.

## ORDER

This cause of action came to be heard on August 2, 1968, on motion of plaintiff to strike the affirmative defenses of defendants CONSOLIDATED MUTUAL INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY, TRANSCONTINENTAL INSURANCE COMPANY. Argument was heard from counsel for the plaintiff and from counsel for the above-named defendants. The affirmative defenses set forth by defendants are insufficient in law.

1. The first affirmative defense reads, "The Complaint fails to state the cause of action on which relief may be granted". Even construing this defense liberally, it seems devoid of merit.

The first claim for relief states a claim under the federal anti-trust statutes, particularly the Sherman and McCarran Acts. 15 U.S.C.A. §§ 1–7, 1011–1015. The elements of a violation of those statutes are well pleaded in the Amended Complaint. No defect in the pleadings was pointed out by defendants.

The second claim for relief states a claim under the law of libel of Puerto Rico. All the elements of that claim are well pleaded.

2. The second and third affirmative defenses may be considered together. The second defense is that "It appears party was not advised of the action of 4 May 1967". [sic] The third defense is that "The appearing parties are members with the Board representation in the Puerto Rico Association of Insurance Agencies, Inc." [sic]. It should be noted that as to the first claim for relief the second defense does not constitute an affirmative defense but rather a denial. As to that first claim the third defense does not even constitute a denial.[1] We will therefore consider the validity of these defenses as to the second claim for relief. Even viewing them in the light most favorable to defendants, we find these defenses insufficient in law.

In our Order denying defendant José Luis Diaz' motion to dismiss of May 31, 1968 and in our Order of June 20, 1968 denying defendant José A. Recurt's motion for summary judgment, we held that active participation in the tortious acts of the association was not a prerequisite for liability for those acts, as long as those acts were done in furtherance of the purposes of the association or done by agents acting within the scope

---

1. The first claim for relief alleges an agreement among all defendants to boycott, coerce and intimidate the plaintiff as well as acts of boycott, coercion and intimidation. Under these allegations, membership in either of the two defendant associations is not a prerequisite to liability. The defense that defendants did not know of the letter would constitute a denial of one of the allegations of the first claim for relief, not an affirmative defense.

or under color of their office. cf. Phelps Dodge Refining Corp. v. F. T. C., 2 Cir., 139 F.2d 393, 396–397; Pandolfo v. Bank of Benson, 9 Cir., 273 F. 48, 7 C.J.S. Associations § 32 c., p. 79.

The defendants involved in this motion are neither agents nor brokers like Recurt and Díaz. Their relation to the Puerto Rico Association of Insurance Agents is that the general agent in Puerto Rico of each defendant was a member of the association (Paragraph Twelfth of the Amended Complaint) and that the letter alleged in the complaint was circulated "on behalf of the insurance companies represented in Puerto Rico by the general agent members of the Puerto Rico Association of Insurance Agents". (Paragraph Thirteenth of the Amended Complaint). The issue presented is whether lack of knowledge or consent by a principal of the tortious acts of his agent, constitutes, as a matter of law, a defense to the relief claimed.

In the leading case of Aetna Life Ins. Co. v. Mutual Benefit Health & Acc. Ass'n, 1936, 8 Cir., 82 F.2d 115, 120, the Circuit Court held that:

"A corporation is liable for the acts of its agent, either in contract or in tort, done or committed in the course of employment in the business of the corporation. [citations omitted] And a libel respecting its business, its ability to do business, its methods of doing business, its credit or solvency is libelous per se. [citations omitted] * * * This Court, speaking through Judge (now Justice) Vandevanter, has aptly announced this rule: 'A master is responsible for the tortious acts of his servant, done in his business and within the scope of their employment, *although he did not authorize or know of the particular act, or even if he disapproved of or forbade it.* * * * Servants do not depart from the scope of their employment merely because, in executing the work assigned to them, they exceed or violate their instructions * * *' Western Real Estate Trustees v. Hughes, 8 Cir., 172 F. 206, 210."

*Aetna* involved an action for libel brought by a mutual association against an insurance company. The libel was circulated by the general agent of the corporation *in violation of the orders of his superiors*. The corporation was nevertheless liable. See also Hooper-Holmes Bureau, Inc. v. Bunn, 1947, 5 Cir., 161 F.2d 102.

Defendants' liability is even broader under Puerto Rican law, where the narrow ambit of the "scope of employment" theory, has been replaced by doctrines derived from the Civil Law which impose greater responsibility on the master for the acts of his servant.

The Supreme Court of Puerto Rico in Rivera v. Maldonado, 1951, 72 P.R.R. 488, reviewed the doctrine of "apparent authority" in relation to § 1803 of the Civil Code. The facts of that case did not warrant the application of the doctrine of apparent authority, but the Supreme Court of Puerto Rico stated that a master would be liable for the acts of his servant or a principal for the acts of his agent if those acts were done "for the benefit" of the master or principal. 72 P.R.R. at 456.

In Gonzalez v. Cia. Agricola, 1954, 76 P.R.R. 373, the Supreme Court of Puerto Rico laid down the test of liability:

"Whether the agent's intention in performing such act * * * was to serve and protect the interests of his employment and not his own interest and whether the action is incidental to an authorized act, that is, where there is reasonable and pertinent relation between the agent's and the principal's purposes, and whether the agent's act tends reasonably to carry out the ultimate objective of the principal." 76 P.R.R. 376 [citing Restatement of the Law of Agency § 230].

The Supreme Court of Puerto Rico has applied the "for the benefit of" doctrine in Martinez v. U. S. Casualty Co.,

1956, 79 P.R.R. 561. In that case, the Court merely quoted the passage we have just cited from *Gonzalez,* and held the Municipality of Añasco liable for the acts of its agent.

In Martir Santiago v. Pueblo Supermarket, 1963, 88 P.R.R. ——, 88 D.P.R. 229, the Supreme Court of Puerto Rico extended the doctrine even further. That case involved a man who was arrested in a supermarket and accused of stealing a large sausage. He was also struck by one of the employees of the security agents employed by the supermarket and spent a night in jail. It later turned out that the man had already paid for the sausage which he was accused of stealing.

Defendants therein argued that the acts of their employees, particularly in striking the plaintiff, were not within the scope of their employment. The Supreme Court of Puerto Rico rejected that argument stating that the employee

"* * * did not act for his own benefit, but rather for the benefit of his employer. In our judgment there was a reasonable and pertinent connection between the acts complained of by the appellee and the interests of [the employers]. The acts of the former reasonably tended to make effective the final objective of the employer, that is, its relationship of service to the management of the supermarket." (translation supplied). 88 P.R.R. ——, 88 D.P.R. at 236.

Thus, both under traditional interpretations of the law of Agency under the Common Law and under recent interpretations of Civil Law doctrines by the Supreme Court of Puerto Rico, the affirmative defenses of the defendants involved in this motion are insufficient; since lack of knowledge of or consent to the tortious acts of his agent by a principal do not exonerate that principal from liability.

WHEREFORE, it is

ORDERED, that the affirmative defenses included in the Answer to the Amended Complaint of defendants Con-

solidated Insurance Company, Continental Casualty Company, National Fire Insurance Company, Transcontinental Insurance Company, be and hereby are, stricken.