Iris Figueroa TORRES, et al., Plaintiffs,

v.

NATIONAL ASSOCIATION OF UNDERWATER INSTRUCTORS (NAUI), et al., Defendants.

Civil No. 92–2417 (JP).

United States District Court, D. Puerto Rico.

May 23, 1996.

José L. Delgado Cadilla, San Juan, P.R., for Plaintiff.

Manolo T. Rodríguez Bird, Jiménez, Graffam & Lausell, San Juan, P.R., Francisco

Ortiz Santini, Rivera Cestero & Marchand Quintero, San Juan, P.R., for Defendant.

### *OPINION AND ORDER*

PIERAS, District Judge.

The Court has before it motions for summary judgment filed by defendant Lloyd's Insurance Syndicate ("Lloyds") and National Association of Underwater Instructors ("NAUI"), and plaintiffs' oppositions (docket Nos. 13, 18, 25, 28, 43, 47, 52, 56 and 67). For the following reasons, defendants' motions for summary judgment[1] are hereby **DENIED**.

## I. INTRODUCTION

This is an action based upon diversity jurisdiction for personal injury. On October 12, 1992, plaintiffs' decedent Luis Rafael Ortiz Figueroa, drowned during a scuba diving lesson in Crashboat Beach, Aguadilla, Puerto Rico. Plaintiffs, the children, wife, mother and stepfather of decedent are seeking monetary damages for compensation of their injuries caused by decedent's death. They have brought suit against NAUI, the organization which was in charge of certifying scuba instructors, and Lloyds, the insurance company which provided coverage to individual instructors who qualified, as well as the organization NAUI.

## II. UNCONTESTED FACTS

1. Mr. Ortiz Figueroa paid the R & R Jobber dive shop in Isabela, Puerto Rico, for scuba diving classes, and purchased diving equipment from the dive shop.

2. On October 12, 1991, plaintiffs' decedent attended a scuba diving lesson in Crashboat Beach, Aguadilla, Puerto Rico, taught by Roberto Méndez.

3. During the lesson, Mr. Luis Rafael Ortiz Figueroa died.

4. The autopsy report indicates that Mr. Luis Rafael Ortiz Figueroa died by drowning.

5. At the time of his death, Mr. Ortiz Figueroa was 38 years old and employed as a security guard. As of the date of the filing of the Complaint, his children were two and five years old.

6. NAUI is a non-profit organization, organized since 1961, pursuant to the General Non–Profit Corporations Law of the State of California and pursuant to Part I of Division II of Title I of the Corporations Code.

7. Since its creation, NAUI's primary purpose has been to promote and encourage the education and training of the general public in the safety and techniques of participating in underwater activities.

8. As a non-profit organization, NAUI has no capital stock, nor can it distribute assets, gains, profits or dividends to any of its members.

9. Through collection of an annual fee of one hundred dollars from its members, NAUI provides to them literature, insurance and a certification of membership that qualifies them as diving instructors.

10. Scuba diving instructors who are certified by NAUI receive an identification number, and are lifetime members of the organization. However, each instructor is required to receive a certification which expires on December 31 of each year. The instructor is required to renew the certification every year in order to maintain "teaching" status. In addition, "To qualify for a teaching status, an instructor must complete and submit the . . . renewal form, pay the current dues, have made at least 12 dives during the past year, have kept current in diving and diving instruction, and have met other current requirements as specified on the renewal application." Failure to renew the certification results in a change in the instructor's status to "sustaining", which is "for instructors who renew their memberships, but are retired or unable to meet the requirements to be current in diving and diving instruction or meet other current requirements. Sustaining instructors may not teach NAUI sanctioned diving courses or authorize NAUI certifica-

---

1. Defendant NAUI's first motion is entitled for judgment on the pleadings or for summary judgment. Defendants and plaintiffs have presented materials outside the pleadings, therefore, defendant NAUI's motion is treated as one for summary judgment pursuant to Fed.R.Civ.P. 12(c).

tion. They may, however, assist in NAUI sanctioned courses."

11. Mr. Méndez, Mr. Ortiz Figueroa's diving instructor, was a NAUI member with "teaching" status until June 30, 1991, and he had been covered as an insured by Lloyds' insurance policy until that date.

12. As of October 12, 1991, Mr. Méndez was a "sustaining" member of NAUI. The change in his status was caused by his failure to maintain his insurance coverage, and not by a finding regarding his qualifications as a diving instructor.

13. On October 16, 1991, Mr. Méndez's status was upgraded, and he once again became a NAUI member in "teaching" status.

14. Lloyds Underwriters is a liability insurer organized and operating out of the United Kingdom of Great Britain, which provides and/or has provided liability coverage to codefendant NAUI.

15. Lloyds Underwriters issued NAUI's policy 91HV0021F, which was in effect in relation to incidents and/or claims arising during October 1991.

16. Policy 91HV0021F is a claims made policy, and coverage is afforded in relation to claims occurring and first made during the period of coverage allowed in relation to individual instructors, that are included under NAUI's insurance policy.

17. Among the certificates of insurance issued in relation to the instructor named and/or included in NAUI's policy 91HV0021F, there is one issued in relation to instructor, Mr. Méndez, on October 16, 1991, which is four days after the decedent drowned.

## III. PLAINTIFFS' ALLEGATIONS

Plaintiffs allege that on October 12, 1991, Luis Rafael Ortiz Figueroa attended an underwater scuba diving lesson taught by Roberto Méndez, in Crashboat Beach, Aguadilla, Puerto Rico, and that during the lesson Mr. Ortiz Figueroa experienced serious difficulties, drowned and died. His body floated to the surface of the water, and was found by a passing police officer.

Plaintiffs contend that Mr. Méndez negligently supervised the diving class, causing decedent's death. They further assert that the non-profit association, NAUI, incorporated in California, certified Mr. Méndez as a diving instructor, and that NAUI would have certified Mr. Figueroa's diving abilities upon his completion of the scuba diving classes. Moreover, they assert that NAUI provided educational material to its diving students, set the standards for diving instruction, and certified the instructors' and the students' diving abilities. Therefore, plaintiffs assert that Mr. Méndez was acting as an agent for NAUI, and that NAUI is directly liable for any negligence of its agents. Furthermore, plaintiffs contend that Lloyds, the insurance company which provided coverage for NAUI, is liable for payment of damages attributable to NAUI.

## IV. DEFENDANTS' ALLEGATIONS

Codefendant NAUI contends that judgment as a matter of law should be entered based upon the following five reasons: Mr. Roberto Méndez is an indispensable party to this action, but his presence would destroy diversity jurisdiction; Mr. Méndez was not a qualified instructor at the moment of Mr. Figueroa's death; Mr. Méndez was not NAUI's employee nor agent; NAUI did not profit from any of Mr. Méndez's activities; even if NAUI did derive a profit, that is insufficient to hold it liable for decedent's death.

Defendant, Lloyds, contends first that Mr. Roberto Méndez was not covered as an individual insured instructor, when Mr. Ortiz Figueroa drowned on October 12, 1991. Defendant asserts that one of the requirements of coverage under the policy was that each instructor fulfill requirements concerning his financial responsibility. Mr. Roberto Méndez complied with these requirements on October 16, 1991, four days after decedent's death. Therefore, Lloyds argues that decedent's accident is not compensable under the claims made policy, since the accident occurred during a time period when Mr. Méndez was not covered as an insured by the policy.

## V. STANDARD FOR A MOTION FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Pagano v. Frank*, 983 F.2d 343, 347 (1st Cir.1993); *Libertad v. Welch*, 53 F.3d 428, 433 (1st Cir.1995); *National Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir. 1995), *cert. denied*, —— U.S. ——, 115 S.Ct. 2247, 132 L.Ed.2d 255 (1995).

Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. *Kennedy v. Josephthal & Co.*, 814 F.2d 798, 804 (1st Cir.1987). A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A material fact, which is defined by the substantive law, is one which affects the outcome of the suit and which must be resolved before attending to related legal issues. *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 181 (1st Cir. 1989).

The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Thereafter, the burden shifts to the non-movant to provide the Court, through the filing of supporting affidavits or otherwise, with "some indication that he can produce the quantum of evidence [necessary] to enable him to reach the jury with his claim." *Hahn v. Sargent*, 523 F.2d 461, 468 (1st Cir.1975). The non-movant cannot rest upon mere allegations or denial of the pleadings. Fed.R.Civ.P. 56(e). Indeed, the non-movant must affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." *First National Bank v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968).

## VI. AGENCY

The main issue before the Court is whether NAUI, a non-profit organization which promotes and encourages the education and training of the general public in the safety and techniques of participating in underwater activities, can be held vicariously liable for the negligence of Méndez, the scuba diving instructor, pursuant to Puerto Rico law.

■ The Civil Code of Puerto Rico provides that an individual is liable "not only for personal acts and omissions, but also for those of the persons from whom they should be responsible." 31 L.P.R.A. § 5142. In ascertaining whether NAUI can be held responsible for Méndez's alleged negligence, it is first necessary to determine whether or not Méndez was NAUI's agent. "The existence of an agency relationship, as well as the scope of the agent's authority, is a question of fact to be decided by the jury." *Federal Savings and Loan Insurance Corporation v. Shearson–American Express*, 658 F.Supp. 1331, 1338 (D.P.R.1987).

■ NAUI contends that Méndez was not its agent because Méndez was not an employee of NAUI. From the evidence as presented, however, it is clear that there was a mutually beneficial relationship between NAUI and Méndez. NAUI, the non-profit organization, certifies scuba diving instructors who have completed scuba diving course work and allows them to use the NAUI name when advertising their courses. During Méndez's deposition, the scuba diving instructor stated that at the time of the accident, he thought that he was certified by NAUI in "teaching" status, and that he was unaware that his insurance had lapsed. Referring to the date of October 12, 1992, Méndez stated that he had taught the scuba diving lessons in accordance with NAUI instructions so that he would comply with the

NAUI certification and so that his students received the NAUI diploma: "I had to follow the standards of NAUI because I was certifying NAUI," Exhibit A to docket No. 67, at 60. Moreover, Méndez stated that NAUI in fact certified all students who completed the required number of dives of the students in the class, except for decedent. Exhibit A to docket No. 67, at 11.

■ Defendants nonetheless assert that the relationship between NAUI and Méndez did not involve any economic benefit, therefore, Méndez was not NAUI's agent. Defendants' contention, however, is erroneous. First of all, economic benefit to the principal is a significant, but not dispositive factor in establishing an agency relationship. "Mere profit, without more, is not enough to impose responsibility," *Vélez Colón v. Iglesia Católica,* 105 D.P.R. 123, 127–28 (1976).

■ A nonprofit corporation may be held liable for the negligent acts of its agents. *American Society of M.E.'s v. Hydrolevel Corp.,* 456 U.S. 556, 102 S.Ct. 1935, 72 L.Ed.2d 330 (1982). In *American Society,* the Supreme Court held a non-profit organization, tax-exempt, membership corporation with over 90,000 members which drafted codes and standards in the fields of mechanical engineering liable for the misrepresentations of one of its agents, written on the organization's stationery under a theory of antitrust violation, negligence and fraud. The fact that the principal organization was a non-profit corporation, did not prevent the Supreme Court from finding that organization liable for the negligence of its agents.

Moreover, although Méndez acted for his own benefit by keeping the proceeds from the scuba diving classes for himself and for any assistants, Méndez's classes also inured to the benefit of NAUI. Every time that a student requested a certification from NAUI, the instructor collected the funds and remitted them to NAUI. Exhibit A to docket No. 67, at 11 and 37. NAUI's economic benefit passed through the instructor for the certifications, diplomas, badges, stickers. Therefore, an agency relationship existed between NAUI and Méndez.

■ Next, is necessary to determine whether NAUI can be held liable for the allegedly negligent acts of its agent. Negligence incurred during actions taken for the benefit of the principal is imputable to the principal. *Cooperativa de Seguros Múltiples de Puerto Rico v. San Juan* 288 F.Supp. 136, 137 (D.P.R.1968) (quoting *Rivera v. Maldonado,* 72 P.R.R. 488 1951)). There are two different theories of agency sustained by the facts as presented in the case at bar: that the agent acted with apparent authority, or that the principal ratified the agent's action.

### 1. *Apparent authority*

■ "[U]nder general rules of agency law, principals are liable when their agents act with apparent authority," *American Soc. of M.E.'s v. Hydrolevel Corp.,* 456 U.S. 556, 565–66, 102 S.Ct. 1935, 1942, 72 L.Ed.2d 330 (1982). Puerto Rico law recognizes the theory of vicarious liability through apparent authority. *Rivera v. Maldonado,* 72 P.R.R. 488 (1951); *The Bank of Nova Scotia v. Vélez Rullán,* 91 D.P.R. 358, 364 (1964).

■ The theory of apparent authority, which focuses upon the impressions of a third party, involves three separate factors. *Green v. Dávila,* 392 F.Supp. 533, 535 (D.P.R.1975). First, the principal either consents to the agent's exercise of authority or knowingly permits the agent to assume the exercise of authority. Second, a third person must know of the facts, and in good faith, believe that the agent has authority to act. Third, the third party must detrimentally rely upon the agent's apparent authority, and sustain injury as a result. *Id.* at 536.

■ In the case at bar, first, NAUI certified all of Méndez's students who completed the required number of dives, including the dive of October 12, 1992, at a time when Méndez did not have "teaching" status. Second, Méndez himself thought that he was fully certified and covered by insurance. Exhibit A to docket No. 67, at 11. Therefore, it is probable that the six or seven students who completed the scuba diving classes with Méndez and decedent believed that Méndez was fully NAUI certified. As to the third element, neither plaintiffs nor defendants have presented the Court with any evidence

concerning this particular issue. However, based upon the facts as presented it is possible to infer that if decedent had known that Méndez had failed to keep his insurance coverage applicable, and that therefore he did not have "teaching" status according to NAUI, decedent might have chosen a different instructor or foregone scuba diving lessons altogether. Therefore, the material facts as presented do not preclude the theory of holding NAUI vicariously liable for the alleged negligence of Méndez's actions under a theory of apparent authority.

### 2. *Ratification*

■ Alternatively, the facts as presented sustain the theory that NAUI ratified Méndez's actions. Ratification of the agency relationship, need not be explicit, and may be implied. *The Bank of Nova Scotia v. Vélez Rullán,* 91 D.P.R. at 365. After Méndez completed the required number of dives with his students, NAUI proceeded to certify all the students, except decedent. NAUI accepted the payment for the certifications by the students, sent the diplomas, and did not take any action to prevent Méndez from claiming that he was NAUI certified. At no time has NAUI asserted, nor presented any evidence, that it informed Méndez that his insurance had lapsed and that he should refrain from teaching scuba diving lessons. Therefore, NAUI ratified Méndez's actions by sending the certifications and the diplomas for lessons which Méndez taught while he had dropped from "teaching" status to "sustaining" status.

There is a genuine question of material fact as to whether Méndez was negligent when he gave the scuba diving lesson on October 12, 1992, to decedent Figueroa Ortiz. If a reasonable jury finds that Méndez was negligent, that same jury could also hold NAUI liable for the negligent acts of its agent. Therefore, defendant NAUI's motion for summary judgment based on agency is hereby DENIED.

## VII. INDISPENSABLE PARTY

NAUI additionally asserts that Mr. Roberto Méndez, the individual instructor in charge of the scuba diving lesson on when Mr. Ortiz Figueroa drowned, is an indispensable party to the current cause of action. It is uncontroverted that Mr. Méndez is a resident of Puerto Rico, therefore the joinder of him as a defendant would destroy diversity jurisdiction, and divest plaintiffs of a federal forum pursuant to 28 U.S.C. § 1332.

■ There are two steps in determining whether a party is "indispensable" under Rule 19 of the Federal Rules of Civil Procedure. First, whether the party is to be joined if feasible under the tests set forth in Rule 19(a); and second, whether the action should proceed among the parties or to be dismiss considering four factors relating to equity and good conscience under Rule 19(b). *Pujol v. Shearson/American Express, Inc.,* 877 F.2d 132, 134 (1st Cir.1989).

■ The first prong of the test of Rule 19, determining whether a party should be joined, whenever feasible, reads as follows:

> if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Relief in this case can be accorded between plaintiffs and NAUI and their insurance company based upon vicarious liability. If the jury were to find that Méndez had acted negligently, NAUI could be liable for the full amount of plaintiffs' losses. Even if he were joined, NAUI would be jointly and severally liable for any of his negligence. Méndez is not claiming any interest in the case at bar, in the subject of the action is minimal. Moreover, as a practical matter, the parties have already deposed Méndez, therefore they are not at any disadvantage because of his absence from this case.

## VIII. INSURANCE POLICY

Codefendant Lloyds asserts that Mr. Méndez had failed to maintain his "teaching" status as a member of NAUI because he failed to maintain his insurance coverage. He was reinstated from "sustaining" to "teaching" status on October 16, 1996, four days after the accident. Therefore, Lloyds asserts that Mr. Méndez was not covered as an insured by the insurance policy on the date of the accident. During a Further Initial Scheduling Conference, however, it was clarified that plaintiffs' complaint seeks to determine the liability of NAUI, not of Mr. Méndez. Therefore, Lloyds is a party for its coverage of NAUI, not of Mr. Méndez. After the Conference, Lloyds submitted a motion clarifying its position that its motion for summary judgment was submitted for the purpose of establishing that Mr. Méndez was not covered by the claims made policy under which Lloyds provided coverage for individual instructors.

The issue has been clarified, and codefendant Lloyds' motion for summary judgment is hereby **DENIED.**

## IX. CONCLUSION

For the foregoing reasons, defendants' motions for summary judgment are hereby **DENIED.**

IT IS SO ORDERED.