**James YANNELLO, et al., Plaintiffs,**

v.

**PATRIOT AMERICAN HOSPITALITY, INC., et al., Defendants.**

**Civil No. 99–1597(JAG).**

United States District Court, D. Puerto Rico.

July 16, 2002.

Alberto G. Estrella, William Estrella Law Offices, San Juan, PR, for Plaintiffs.

Hector Saldana–Egozcue, Saldana, Saldana–Egozcue & Vallecillo, PSC, Santurce, PR, Jose A. Rivera–Cordero, Jaime E. Sifre–Rodriguez, Sanchez Betances & Sifre, PSC, Angel L. Tapia–Flores, James A. Toro Inc., Law Offices of Ivan M. Fernandez, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

James Yanello, Cyndee Yanello and the conjugal partnership constituted between them ("plaintiffs"), brought suit against Patriot American, Windham Mgmt. Corp., Williams Hospitality, Palomino Watersports, Hospital San Pablo, Phico Insurance Co., El Conquistador Resort, Universal Health Service, Doscam Medical Corp., Fed. Star Indemnity, and United Coastal Insurance Company ("defendants"), seeking damages pursuant to Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141. Co-defendant Palomino Watersports ("Palomino") filed a cross-claim against its alleged insurance company, co-defendant United Coastal Insurance Company ("United"), when United denied to provide coverage under the insurance policy ("Policy") it allegedly issued to Palomino for claims such as the one asserted by plaintiffs. United has filed a motion for partial summary judgment on grounds that Palomino was not a Named Insured under the Policy, that the Policy was a "claims made" policy, and that United had received no notice of claim before the Policy expired. (Docket No. 79.) For the following reasons, United's motion for partial summary judgment is **DENIED.**

## FACTUAL BACKGROUND

On January 2, 1998, United allegedly issued the liability Policy in question to Palomino. The Policy covered claims arising from accidents occurring subsequent to December 24, 1997 and notified to United during the policy period or within 30 days of the expiration of the policy period on December 24, 1998. On October 16, 1998, co-plaintiff James Yanello ("Yanello"), a resident of the State of Florida while staying at El Conquistador, rented a wave runner from Palomino a concessionaire of El Conquistador. Yanello allegedly suffered a trauma and a fracture on his right ankle when he hit a wave while operating the wave runner. Yanello contends that the accident was due to Palomino's negligence in providing inadequate instructions and/or training prior to Yanello being allowed to operate the wave runner. Although the alleged accident occurred on October 16, 1998, it was first notified to United on June 30, 1999.

United provided no coverage for the claims Yanello asserts against Palomino on grounds that: 1) the Policy was a claims made policy that expired on December 24, 1998 and no claim was made within the policy period nor within the thirty (30)

days claim made period thereafter, and 2) Palomino was not a Named Insured under the Policy.

## DISCUSSION

### A. Summary Judgment Standard

The Court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. The Court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *See Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir.2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *See* Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the Court, the opposing party has the burden of demonstrating that a trial worthy issue exists that would warrant the Court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49 (1st Cir. 2000).

In order for the factual controversy to prevent summary judgment the contested fact must be "material" and the dispute over it must be "genuine." "Material" means that a contested fact has the potential to change the outcome of the suit under the governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." *Id.*, at 252, 106 S.Ct. 2505. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).

To make this assessment in a given case, the Court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). When carrying out that task, the court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

### B. Palomino was not insured under the Policy.

■ United avers that Palomino was not covered by the Policy as it was not designated as a Named Insured in the Declarations of the Policy, nor it qualifies as an "insured" under Section II of the Policy. A review of the Declarations of the Policy reveals that the Named Insured under the Policy was Caribbean Water Sports. Nevertheless, Palomino has proffered documents that clearly establish that United issued certificates of liability insurance crediting Palomino, El Conquistador Partnership, LP D/B/A El Conquistador Resort & Country Club, Williams Hospitality Group, Inc., WHG Resorts & Casino,

Inc., and Windham International Inc., as persons insured under the Policy. Thus, Palomino has proffered sufficient evidence for a Jury to conclude that Palomino as well as the other co-defendants therein mentioned, are persons insured under the Policy.

**C. The Policy was a claims made policy that expired on December 24, 1998 and no claim was made within the policy period nor within the thirty (30) days claim made period thereafter.**

It is undisputed that the Policy was a claims made policy issued on January 2, 1998 and made retroactive to December 24, 1997. The Policy only covered claims arising from operations conducted subsequent to December 24, 1997 and first made against the insured and reported in writing to United during the policy period or within 30 days of the expiration of the policy period on December 24, 1998. It is also undisputed that Yanello's accident allegedly occurred on October 16, 1998, but was first notified to United on June 30, 1999.

United avers that inasmuch as no claim was reported during the policy period the Complaint and cross-claim against United should be dismissed. Palomino, however, has proffered a Facsimile that would allow a jury to conclude that on January 4, 1999 United renewed the original Policy. Palomino contends that such renewal was made under the same terms and conditions of the original Policy, and that it was the intention of the parties to maintain the continuity of the Policy's coverage until December 24, 1999.

To this effect Palomino has proffered a letter sent to Cohn W.A. Fellows ("Fellows"), President of Florida International Underwriter, Inc.("Florida International"), United's underwriter, on August 8, 1999 in which Palomino reminds Fellows that the Policy's renewal was made under the same terms and conditions of the original Policy to produce a total coverage period of twenty four consecutive months. Palomino has also provided a memorandum sent by Fellow to Joe Martinez, United's representative in Puerto Rico, on October 6, 1999, in which Fellows suggests United "to consult their legal advisers in respect to the retroactive dates of the policy." Fellows stressed that its legal counsel believed that "[United] would have a difficult time defending their position."

Although United avers that Florida International is not its agent, it has failed to provide the Court with documents to support its argument. As stated above, the Court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Munoz*, 896 F.2d at 8. Furthermore, under Puerto Rico law, "[t]he existence of an agency relationship, as well as the scope of the agent's authority, is a question of fact to be decided by jury." *See Torres v. National Ass'n of Underwater Instructors (NAUI)*, 928 F.Supp. 134, 138 (D.P.R.1996)(quoting *Federal Savings and Loan Insurance Corporation v. Shearson–American Express*, 658 F.Supp. 1331, 1338 (D.P.R.1987)).

Thus, whether the original Policy issued by United was still in effect when the June 30, 1999 claim was made is a genuine issue of material fact to be decided by the Jury. Accordingly, Palomino has proffered "definite, competent evidence to rebut [United' partial summary judgment] motion." *Maldonado–Denis*, 23 F.3d at 581.

### CONCLUSION

In light of the foregoing, the Court denies United's partial summary judgment motion (Docket No. 79).

**IT IS SO ORDERED**