**Dr. Iris Beth RODRIGUEZ QUIÑONES, Plaintiff,**

v.

**JIMENEZ & RUIZ, S.E., et al, Defendant.**

**Civil No. 01–2274 (JAG).**

United States District Court, D. Puerto Rico.

May 13, 2003.

Judith Berkan, Mary Jo Mendez–Vilella, Berkan & Mendez, Jaime A. Lamboy–Riley, Edif. Arroyo, San Juan, PR, for plaintiff.

Guillermo J. Bobonis, Bobonis, Bobonis & Rodriguez Poventud, San Juan, PR, Rafael J. Velazquez–Villares, Caguas, PR, Edmundo Vazquez–Otero, Vazquez & Suarez, Luis G. Martinez–Llorens, Colon, Colon & Martinez, Eli B. Arroyo, Harold D. Vicente–Gonzalez, Vicente & Cuebas, Dario Rivera–Carrasquillo, Dimaris Martinez–Vazquez, San Juan, PR, for defendants.

### OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Presently before the Court is defendant American International Insurance Company of Puerto Rico (hereinafter "AIICO") motion for partial summary judgment (**Docket No. 87.**) Plaintiff Dr. Iris Beth Rodriguez Quiñones (hereinafter Rodriguez) duly opposed the motion for partial summary judgment. (**Docket No. 95.**) Thereafter, AIICO filed a reply in support of its position on April 25, 2003. (**Docket No. 98.**)

AIICO asserts that it cannot be held liable for the damages alleged in plaintiff's Third Amended complaint due to the failure of Dr. Jimenez and Dr. Ruiz to notify the claim within the policy period for the insurance policy effective on October 2001 when the insured were notified of the claim. On the other hand, Rodriguez claims that, although AIICO was notified after the policy period, there was a renewal of the insurance policy that automatically provided continuing coverage under the renewed policy. After a careful review of the record, the Court finds that it is a condition precedent to coverage under AIICO's insurance policy that the claim be notified within the policy period effective at the time the insured received notice, thus warranting summary disposition in favor of AIICO.

### SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure, sets forth the standard for ruling on summary judgment motions: The judgment sought shall be rendered forthwith if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c). The critical question is whether a genuine issue of material fact exists. A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. *Morris v. Government Dev. Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir. 1994); *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir.1993), *cert. denied,* 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). A fact is material if it might affect the outcome of the suit under the governing law. *Morrissey v. Boston Five Cents Sav. Bank,* 54 F.3d 27, 31 (1st Cir. 1995); *Maldonado Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994). On a motion for summary judgment, the court must view all evidence and related inferences in the light most favorable to the nonmoving party. *See Springfield Terminal Ry. v. Canadian Pac. Ltd.,* 133 F.3d 103, 106 (1st Cir.1997). Nonetheless, the court is free to "ignore 'conclusory allegations, improbable inferences and unsupported speculation.' " *Suarez v. Pueblo International, Inc.,* 229 F.3d 49, 53 (1st Cir. 2000) (citing *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir. 1990)).

## DISCUSSION

The original complaint in the instant action was filed on September 24, 2001. (**Docket No. 1.**) The action is a result of the rape and robbery of plaintiff Rodriguez at the office she had sublet at Clinica Las Americas. Rodriguez alleges that defendants were negligent and/or at fault in providing sufficient security to her and that said negligence caused the damages she suffered. Rodriguez pleads a cause of action under Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. §§ 5141 and 5142, the Constitution of Puerto Rico and the contract and obligations laws of the Commonwealth.

The initial complaint was subsequently amended to include co-defendant AIICO on July 18, 2002. (**Docket No. 46.**) Rodriguez filed a complaint against co-defendant AIICO alleging that AIICO provided coverage for other co-defendants in the present action.

Rodriguez accepted all of the documented material facts presented by AIICO in the Motion for Partial Summary Judgment. (**Docket No. 95.**) In addition, Rodriguez presented an additional set of facts in support of its opposition. (**Docket No. 95.**) In its reply to Rodriguez' Opposition, AIICO did not dispute any of the additional facts presented by Rodriguez. (**Docket No. 98.**) Since there are no material factual disputes, the Court need not rehash the admitted facts.

█ The issue in controversy is purely legal in nature. In essence, it hinges on whether or not the one-year renewal of the insurance policy that had a policy period from December 31, 2000 to December 31, 2001, extended said policy period through December 31, 2002, or whether it constituted a new, separate policy with a policy period from December 31, 2001 to December 31, 2002.

An examination of the documents submitted as evidence, relevant authorities on insurance law, and existing case law clearly establishes that the renewed policy is a new contract with a policy period from December 31, 2001 to December 31, 2002. The relevant terms contained in the first policy, that had a policy period of December 31, 2000 to December 31, 2001, are found in the Definitions under Section 2, where "Policy Period" is defined as:

"... the period of time from the inception date shown in Item 2 of the declarations to the earlier of the expiration date shown in Item 2 of the Declarations or the effective date of cancellation of this policy; however, to the extent that coverage under this policy replaces coverage in other policies terminating at noon standard time on the inception date of such coverage hereunder, then such coverage as is provided by this policy shall not become effective until such other coverage terminated."

(Exhibit 1, Motion for Partial Summary Judgment.) In addition, under Section 4 of the Exclusions, the policy states that it will not cover any loss:

"(e) alleging, arising out of, based upon or attributable to the facts alleged, or to the same or related Wrongful Acts alleged or contained in any claim which has been reported, or in any circumstances of which notice has been given, under any policy of which this policy is a renewal or replacement or which it may succeed in time;"

(Exhibit 1, Motion for Partial Summary Judgment.) Furthermore, the first policy contains a provision for extension only upon cancellation or termination, and does not contain any stipulations as to terms of renewal. In fact, the renewal certificate specifically sets out a new policy period in Item 2 of its Declarations, covering from December 31, 2001 to December 31, 2002. Finally, the renewal certificate of the second policy states: "Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, limitations and exclusions other than herein stated." (Exhibit 1, Motion for Partial Summary Judgment.)

Given the preceding clauses of the policies in question, it can be established that the renewal policy constitutes a new and separate contract between the parties.

"... a renewal of insurance by the payment of a new premium and the issuance of a receipt therefor, where there is no provision in the policy for its renewal, is a new contract on the same terms as the old." 2 *Couch on Insurance* 3d § 29:37.

This issue was addressed by the First Circuit in *DiLuglio v. New England Insurance Co.*, 959 F.2d 355 (1st Cir.1992). In that case, an attorney who had successfully defended himself against malpractice actions brought action to recover attorneys fees under a professional liability policy. The District Court found for the insurer, and the decision was upheld on appeal. Although the decision focused on whether the insurer was required to demonstrate actual prejudice from notice delay to bar coverage, the Court of Appeals directly addressed the issue of notice and claims-based policies. It stated: "A typical 'claims-made' or 'discovery' policy on the other hand, covers acts and omissions occurring either *before or during* the policy term, provided the claim is discovered and reported to the insurer during the same policy term." *Id.* at 358, citing John A. Appleman & Jean Appleman, Insurance Law and Practice 312 (1979).

Established case law overwhelmingly has determined that a claims-made insurance policy requires timely notice to trigger coverage under the policy. See *DiLuglio v. New England Insurance Co.*, 959 F.2d 355 (1st Cir.1992); *Checkrite Limited, Inc. v. Illinois National Ins. Co.*, 95 F.Supp.2d 180 (2000); *National Union Fire Ins. Co. v. Talcott*, 931 F.2d 166 (1st Cir.1991); *Ehrgood v. Coregis Ins. Co.*, 59 F.Supp2d 438, (M.D.Pa.1998). Rodriguez claims, however, that this Courts decision in *Yanello v. Patriot American Hospitality, Inc.*, 218 F.Supp.2d 132 (D.Puerto Rico 2002) establishes the contrary. We disagree. At issue in *Yanello* was both the renewal of the policy itself, as well as the

existence of an agency relationship between the insurance company and the representative in Puerto Rico. In the instant action there is no controversy over the renewal, only over the scope its terms.

Finally, the Court of Appeals in *DiLuglio* considered as well the argument that an exception in the time of notice was warranted due to plaintiff's continuous coverage under a series of successive one-year "claims-made" policies with the same insurance company, and found it unacceptable. Supra at 360. This is consistent with treatises on the issue that state "... where a policy clearly stated that it terminated at the end of the policy. period, a new contract with a new effective date was created each time the policy was renewed." 2 *Couch on Insurance* 3d § 29:33.

The original stipulations specifically stated that the policy period began on December 31, 2000 and ended on December 31, 2001. The renewal policy specifically states that its policy period runs from December 31, 2001 through December 31, 2002. The claim was notified to the insured on October of 2000, but it was not notified to AIICO until July 18, 2001, once the original policy period had expired. Because it is a condition precedent to coverage that the claim be notified within the same policy period wherein the insured are apprised of the claim, neither the original policy nor the renewal policy afford coverage in this matter.

### *CONCLUSION*

The Court concludes that there is no genuine issue of material fact with regard to the insurance policy issued by AIICO. Because the co-defendants had the obligation to notify AIICO of the claim during the same policy period it was reported in as a condition precedent to coverage under said policy, the Court hereby **GRANTS** AIICO's Motion for Partial Summary

Judgment (**Docket No. 87**) and dismisses the Third Amended Complaint claims against AIICO. Judgment will be entered accordingly.

IT IS SO ORDERED.